# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. JONES, | Case No.: 1:14-cv-00626-JLT |
| Petitioner, | FINDINGS AND RECOMMENDATION DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 1) |
| COPENHAVER, Warden, | |
| Respondent. | ORDER DENYING AS MOOT THE MOTION FOR EXPANSION OF THE RECORD |
| | (Doc. 2) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THE CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on April 28 2014, challenging his 1998 conviction in the United States District Court for the Southern District of Indiana for carjacking and use of a gun in the commission of the offense.  (Doc. 1, p. 2).  Petitioner was sentenced to a term of 45 years.  (Id.).  Petitioner appealed his conviction to the United States Court of Appeals, Seventh Circuit, contending prosecutorial misconduct, erroneous jury instructions, improper voir dire, and insufficient evidence.  (Id.).  The Seventh Circuit upheld Petitioner's conviction on August 11, 1999.  (Id.).

On April 5, 2000, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant

1

1   to 28 U.S.C. § 2255, in the sentencing court, raising the issues of ineffective assistance of trial counsel
2   and improper identification.  (Id. at p. 4). The petition was dismissed with prejudice on July 5, 2000.
3   (Id.).  On February 19, 2003, the sentencing court denied with prejudice Petitioner's motion for relief
4   pursuant to Rule 35(a), which contended that the charges were improperly "stacked" in the indictment.
5   (Id., p. 6).

6          Petitioner now brings this habeas petition challenging his conviction and sentence on the
7   grounds that he is actually innocent of carjacking and use of a weapon.  Because it is obvious that
8   Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial
9   court as a motion pursuant to 28 U.S.C. § 2255, and because Petitioner does not qualify for the
10  "savings clause" of § 2255, the Court will recommend that the instant petition be **DISMISSED** for
11  lack of jurisdiction.[1]

12                                          **DISCUSSION**

13         A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v.
14  Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity
15  or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or
16  correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);
17  Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
18  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court
19  has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal
20  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
21  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United
22  States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

23         In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's
24  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.
25  Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.
26  1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925

27

28

---

[1] In light of this recommendation, Petitioner's motion for expansion of the record (Doc. 2) is **DENIED** as **MOOT**.

1  F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United

2  States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

3  (9th Cir. 1990).

4          Petitioner's contention that he is actually innocent of the carjacking and gun use counts are

5  cognizable claims under § 2255, and thus the proper vehicle for challenging such mistakes is a motion

6  to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

7          Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under §

8  2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

9  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States

10 v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this

11 is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show

12 actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255

13 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not

14 inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3,

15 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);

16 Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th

17 Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

18 Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956);

19 see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

20 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on

21 the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d

22 76, 83 (9th Cir. 1963).

23         In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under

24 a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but

25 procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-

26 1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following

27 two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been

28 convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this

3

claim." <u>Id</u>. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." <u>Harrison v. Ollison</u>, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Id</u>., citing <u>Ivy</u>, 328 F.3d at 1060-61.

In <u>Ivy</u>, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. <u>Id</u>. at 1059.  In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255.  He *must never have had* the opportunity to raise it by motion.

<u>Id</u>. at 1060 (emphasis supplied).

The burden is on the petitioner to show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).  This Petitioner has failed to do.  As in <u>Ivy</u>, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raised his claim of actual innocence in his original appeal or, at the very least, in his earlier motions pursuant to § 2255.  In this case, Petitioner relies upon the evidence adduced at trial, which was certainly available to Petitioner in any earlier proceedings on direct appeal or in the § 2255 proceedings.  Thus, Petitioner had the ***opportunity*** to raise the issue by motion under § 2255, but simply chose not do so.  <u>Ivy</u>, 328 F.3d at 1060.

Petitioner, therefore, cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court.  Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion.  <u>Ivy</u>, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)

(same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do

not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957);

Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d

1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All

Writs Act, 28 U.S.C. § 1651).

        Moreover, Petitioner has failed to show he is actually innocent of the charges against him.  "To

establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more

likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523

U.S. 614, 623 (1998) *quoting* Schlup v. Delo, 513 U.S. 298, 327-328 (1995)); Stephens v. Herrera,

464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere legal

insufficiency," and "in cases where the Government has forgone more serious charges in the course of

plea bargaining, petitioner's showing of actual innocence must also extend to those charges."

Bousley, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is

limited to crimes actually charged or consciously forgone by the Government in the course of plea

bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate

actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a

firearm).

        Although the United States Supreme Court has not provided much guidance regarding the

nature of an "actual innocence" claim, the standards announced by the various circuit courts contain

two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d

893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th

Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th

Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).   The "core idea" expressed in these cases is

that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-

Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme

Court decision interpreting the reach of a federal statute, where that decision is announced after the

petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion

is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1ˢᵗ Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Bousley, 523 U.S. at 620.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Here, Petitioner argues that the evidence at trial failed to show he was guilty of a carjacking. Petitioner acknowledges that, along with two co-defendants, he robbed a bank and then hid in the victim's residence, where they were discovered by the victim.  The victim then drove the three bank robbers, all armed, driven to Indianapolis in order to aid their escape.  Petitioner argues the victim *voluntarily chose* to drive the three bank robbers to Indianapolis despite the fact that the victim had discovered three armed bank robbers hiding in his home, while his wife and children were present. Thus, Petitioner contends that these surrounding circumstances could not support a reasonable inference by the jurors that the victim was forced to provide the car for the escape.

Petitioner argues that he could not have raised this argument earlier because the Seventh Circuit's opinion in his direct appeal "stood in the way of petitioner bringing a claim of innocence because the court basically stated that petitioner was guilty of carjacking [the victim] upon committing the bank robbery."  (Doc. 1, p. 24).  Petitioner's observation is based upon the following excerpt from

the Seventh Circuit's decision:

> It is true that there is no direct evidence that had Mr. Routte refused to drive the defendants to Indianapolis, they would have killed or injured him. However, the three fugitives were armed, had admittedly just robbed a bank, and had narrowly avoided capture after a police chase.

(Doc. 1, p. 18). Petitioner interprets this passage to mean that he is guilty of carjacking solely because he committed a robbery earlier in the day. (Doc. 1, p. 24). This is a gross misreading of the Seventh Circuit's reasoning. In every jurisdiction in this country, jurors are permitted to draw reasonable inferences from the evidence especially where direct evidence of coercion or a threat is absent. Thus, while Petitioner and his companions did not verbally threaten the victim or point a gun at him, the circumstances of the crime—three, armed, fleeing felons needing to escape a police dragnet after invading the victim's home—could easily support a rational inference that had the victim refused to provide the car, he might have been injured or killed. It is absurd for Petitioner to contend that from this evidence, jurors could not have inferred the threat or coercion necessary to support the carjacking conviction. Accordingly, Petitioner's claim of actual innocence must be rejected.

Petitioner also contends that § 2255 is inadequate "because my 45 year sentence…is tainted by the fact of me being innocent of that offense." (Doc. 1, p. 5). It is unclear why the "fact" of Petitioner's innocence makes § 2255 inadequate or ineffective to obtain relief. Indeed, the logic of such an argument is not apparent at all. Moreover, Petitioner concedes that he has never requested permission from the Seventh Circuit to file a successive § 2255 petition. (Doc. 1, p. 4). For all of the foregoing reasons, the Court concludes that Petitioner is not entitled to use the "savings clause" of § 2255, and that he has failed to show that § 2255 is either inadequate or ineffective in his case. Accordingly, this matter should have been brought in the sentencing court as a § 2255 motion.

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## **ORDER**

1.      The Clerk of the Court is DIRECTED to assign a United States District Judge to this

1    case;

2         2.    The motion for expansion of the record (Doc. 2) is **DENIED** as **MOOT**.

3                               <u>**RECOMMENDATION**</u>

4         Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

5    DISMISSED for lack of habeas jurisdiction.

6         This Findings and Recommendation is submitted to the United States District Court Judge

7    assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

8    Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-

9    one (21) days after being served with a copy of this Findings and Recommendation, any party may file

10   written objections with the Court and serve a copy on all parties.  Such a document should be

11   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

12   Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

13   service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

14   U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

15   may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

16   1991).

17

18   IT IS SO ORDERED.

19   Dated:   <u>**May 9, 2014**</u>                    <u>     **/s/ Jennifer L. Thurston**</u>

20                                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28